Mr. Tony Bozynski Little Rock Department of Housing Neighborhood Programs 500 W. Markham, Suite 120 West Little Rock, AR 72201
Dear Mr. Bozynski:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You state that a request has been presented to your department for "all time clock records for the past two (2) years, including the copies of the time cards with the time punch." You have determined that that these records should not be released. You state that you base this determination on your belief that releasing these records would violate federal labor law.
I am directed by law to issue my opinion as to whether your determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion, as explained more fully below, that your determination is not consistent with the FOIA, nor would the release of these records violate any federal labor law. The requested records should be released, with certain exempt information redacted.
As an initial matter, I note that I have not been provided with copies of the requested time records to review. I therefore do not know the extent of the specific information reflected in these records. Nevertheless, I will discuss the legal principles that will govern the releasability of the records and the various types of information that is typically reflected in such records.
You have correctly determined that the requested time records constitute "personnel records" within the meaning of the FOIA. Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. See, e.g., Ops. Att'y Gen. Nos. 2003-201; 2003-055; 2002-085; 2001-154; 99-147. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). This office has also consistently classified time records as "personnel records," and has consistently opined that they should be open to the public. See, e.g., Ops. Att'y Gen. Nos. 2003-115; 2002-256; 2002-238; 2002-150; 98-126.
However, these records must be reviewed individually prior to their release to determine whether they contain any items of information that is subject to an exemption from disclosure. If they do contain such information, that information should be redacted before the records are released. For example, the home addresses of city employees are exempt from disclosure, see A.C.A. § 25-19-105(b)(13), as is any medical information about the employee, see A.C.A. § 25-19-105(b)(2), and the employees' social security numbers, see 5 U.S.C. § 552a, note (the "Federal Privacy Act"). In addition, this office has consistently opined that information concerning insurance coverage, tax withholding, and payroll deductions should not be released to the public. See, e.g., Ops. Att'y Gen. Nos. 2001-112; 98-126; 95-242, 94-235, 91-093, and 87-422. If such information is reflected in the time records, it should be redacted before the records are released. However, it should be noted that the employee's salary is public information and should not be redacted. See,e.g., Ops. Att'y Gen. Nos. 2003-029; 2002-043; 96-205; 95-242; 95-070; and 94-198.
Although, as noted above, certain federal laws operate to prohibit the disclosure of individual items of information that may be contained in time records, I have located no federal law that would prohibit the disclosure of hours worked.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General